# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE ALTMANN,<br><br>             Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.;<br>RUSHMORE LOAN MANAGEMENT<br>SERVICES, LLC.; and DOES 1-50,<br>INCLUSIVE,<br><br>             Defendants. | Case No.  1:16-cv-01121-LJO-SKO<br><br><br>MEMORANDUM DECISION AND ORDER<br>GRANTING DEFENDANTS' MOTION TO<br>DISMISS<br><br><br>(ECF No. 7) |

This is the fifth[1] case that Plaintiff Ernie Altmann ("Plaintiff") has filed pertaining to the foreclosure of real property located at 15923 Sonora Road, Knights Ferry, California ("the Sonora Road property"). *See* ECF No. 1, Ex. A ("Compl."); ECF No. 6 (Notice of Related Cases). Significantly, on December 10, 2015, this Court dismissed a wrongful foreclosure action filed by Plaintiff against Wells Fargo Bank, N.A. ("Wells Fargo") and Rushmore Loan Management Services, LLC ("Rushmore"), who are both named as Defendants in this case, on the grounds that Plaintiff's claims against Rushmore and Wells Fargo were either barred by res judicata (having been ruled on by this Court in *Altmann v. PNC Mortg.*, 850 F. Supp. 2d 1057

---

[1] *See, e.g.*, *In Re Altmann*, No. 16-90363-E-11, 2016 WL 3598286 (Bankr. E.D. Cal. June 27, 2016); *In Re Altmann*, No. 15-91221 (Bankr. E.D. Cal.); *Altmann v. Rushmore Loan Mgmt. Svcs., Inc.*, No. 1:15-cv-880-LJO-MJS, 2015 WL 8483111 (E.D. Cal. Dec. 10, 2015); *Altmann v. PNC Mortg.*, 850 F. Supp. 2d 1057 (E.D. Cal. 2012).

1

(E.D. Cal. 2012) ("*Altman I*")) or failed to state a claim. *Altmann v. Rushmore Loan Mgmt. Svcs., Inc.*, No. 1:15-cv-880-LJO-MJS, 2015 WL 8483111 (E.D. Cal. Dec. 10, 2015) ("*Altmann II*").

On July 22, 2016, Plaintiff commenced this action against Defendants in Stanislaus County Superior Court, asserting four causes of action: (1) wrongful foreclosure; (2) fraud; (3) "to set aside trustee's sale"; (4) and "to cancel or void trustee's deed upon sale." *See* Compl. Invoking diversity jurisdiction, Defendants removed the action to this Court on July 26, 2016, pursuant to 28 U.S.C. § 1141(b). ECF No. 1 at 2.

Now before the Court is Defendants' motion to dismiss (ECF No. 7), arguing that Plaintiff's claims are barred under res judicata, or in the alternative, that the claims are insufficiently pled and lacking in factual support. Plaintiff has failed to file an opposition. *See* ECF No. 10. This matter is suitable for decision on the papers. E.D. Cal. L.R. 230(g). For the reasons that follow, the Court GRANTS Defendants' unopposed motion to dismiss.

## FACTUAL ALLEGATIONS[2]

Before any of the transactions at issue in this case, Plaintiff had purchased the Sonora Road property. Compl. ¶ 8. On or around April 18, 2007, Plaintiff borrowed $1,170,000 from National City Bank, which was later acquired and merged into PNC Financial Services, N.A. to improve the Sonora Road property. *Id.* ¶ 9. The loan was secured by a deed of trust on the Sonora Road property. *Id.*

Sometime after March 2010, Rushmore informed Plaintiff that it was the new loan servicer, and that all communications relating to the matter should be sent to Rushmore. *Id.* ¶ 11.

On or around June 15, 2011, after Plaintiff threatened to file suit, Plaintiff and Rushmore entered into a settlement agreement wherein Plaintiff "agreed to make a 'short pay' in exchange for postponement of a trustee's sale." *Id.* ¶ 12.

On June 30, 2011, Plaintiff entered into Chapter 7 bankruptcy. *Id.* ¶ 13. On October 17, 2011, the Bankruptcy Court "granted discharge" to Plaintiff, and notified Defendants. *Id.*

On October 12, 2012, Plaintiff entered into a loan agreement with Rushmore for the

---

[2] These allegations are drawn from Plaintiff's complaint, the truth of which the Court must assume for purposes of a Rule 12(b)(6) motion to dismiss.

2

amount of $710,000. *Id.* ¶ 14. Part of this loan agreement was a "balloon payment" in the amount of $674,501.65, which was separate from the principal amount and not subject to interest payments, and was due to be paid on October 1, 2052. *Id.* ¶ 14. "The $710,000 document originally referred to real property with 'Legal Description as Set Forth in the Mortgage.'" *Id.* The original document for this loan was not secured by any property. *Id.* ¶ 15. Rushmore "never funded $710,000 to Plaintiff, nor any entity controlled by Plaintiff." *Id.* Plaintiff subsequently received another document, which pertained to two parcels of real property in Stanislaus County, bearing his signature, that he had not agreed to or signed. *Id.*

On March 18, 2015, in response to a letter sent by Rushmore to Plaintiff stating that Rushmore sought to collect on a debt, Rushmore sent a letter to Plaintiff "confirming that the debt for the loan was discharged." *Id.* ¶ 16.

Before July 5, 2016, Rushmore scheduled a trustee's sale to be held on July 5, 2016. *Id.* ¶ 17. At this trustee's sale, Rushmore purchased the Sonora Road property. *Id.* On July 5, 2016, the Bankruptcy Court lifted the automatic stay it had previously imposed on this case. *Id.* ¶ 18.

Plaintiff alleges that after the funding of the loan, the loan was sold to investors as a "mortgage backed security," that Rushmore "never owned the loan or corresponding note," and as a result, Defendants "never had the right to declare default, cause notices of default to be issued or recorded, or foreclose on Plaintiff's interest in the Property." *Id.* ¶ 20, 23. Plaintiff alleges that Defendants did not comply with California Civil Code §§ 2923.5(a)-(b), which require a mortgage servicer, mortgagee, trustee, or authorized agent "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," and that Defendants "therefore engaged in a fraudulent foreclosure of the Property since Defendants did not have the legal authority to foreclose." *Id.* ¶ 22-23. Plaintiff further alleges that Defendants "engaged in a pattern of deception by altering documents and placing Plaintiff's forged signature on said documents," *id.* ¶ 26, that Defendants impermissibly continued with the foreclosure and trustee's sale while the automatic stay issued by the Bankruptcy court was in effect," *id.* ¶ 35, and that the trustee's sale is therefore invalid, *id.* ¶ 38.

//

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must, in accordance with Rule 8, allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

Under Rule 9(b), a plaintiff alleging fraud or mistake "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "This means the plaintiff must allege 'the

who, what, when, where, and how of the misconduct charged.'" *United States v. United Healthcare Insurance Company*, ___ F.3d___, 2016 WL 4205941 at *12 (9th Cir. Aug. 10, 2016) (internal citations omitted). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also '…to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). Leave to amend will be denied where amendment would be futile. *Id.*

## DISCUSSION

Defendants argue that Plaintiff's claims are barred by res judicata, or in the alternative, that they are insufficiently supported by the factual allegations set forth above. ECF No. 7. Upon examination of the complaint in this case, the Court now finds that all four causes of action fail to state a claim in accordance with the requirements of Rules 8 and 9(b). The Court therefore need not address Defendants' res judicata argument.

**A. Wrongful Foreclosure**

Plaintiff's first cause of action alleges wrongful foreclosure. Compl. ¶¶ 19-24. More specifically, Plaintiff alleges that the loan over the Sonora Road property was sold to investors as a "mortgage backed security," and that Rushmore did not have a legal right to effect the foreclosure of the Sonora Road property. *See id.*

"Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt." *Montoya v. Countrywide Bank*, No. C09-00641 JW, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009); *see also Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a

1  deed of trust.") "The application of the 'tender rule' prevents 'a court from uselessly setting aside
2  a foreclosure sale on a technical ground when the party making the challenge has not established
3  his ability to purchase the property." *Magdaleno v. Indymac Bancorp, Inc*., 853 F. Supp. 2d 983,
4  991 (E.D. Cal. 2011) (quoting *Williams v. Countrywide Home Loans*, No. C 99-0242 SC, 1999
5  WL 740375, at *2 (N.D. Cal. Sept. 15, 1999)).

6       Here, Plaintiff "offers nothing to indicate that [he] is able to tender [his] debt to warrant
7  disruption of non-judicial foreclosure." *Anaya v. Advisors Lending Grp.*, No. CV F 09-1191 LJO
8  DLB, 2009 WL 2424037, at *10 (E.D. Cal. Aug 5, 2009). Therefore, Plaintiff has failed to meet
9  the threshold requirement to allege a plausible claim for wrongful foreclosure. *See Magdaleno*,
10 853 F. Supp. 2d at 991.

11      Relatedly, Plaintiff alleges that Defendants failed to comply with their statutory
12 obligations under California Civil Code §§ 2923.5-2923.6, which require mortgage servicers to
13 satisfy certain notice requirements before proceeding with a foreclosure. Compl. ¶ 22. However,
14 because the foreclosure sale of the Sonora Road property has already occurred, as noted in
15 paragraph 17 of the complaint, Plaintiff's claims that Defendants violated §§ 2923.5 and 2923.6
16 also fail, because there is no remedy available to Plaintiff for these violations, even if true. *See*
17 *Newman v. Bank of New York Mellon*, No. 1-12-CV-1629 AWI, 2013 WL 56033616, at *11
18 (E.D. Cal. Oct. 11, 2013) ("There is no remedy for a violation of § 2923.5 if the foreclosure sale
19 has already occurred."); *Quinteros v. Aurora Loan Svcs.*, 740 F. Supp. 2d 1163, 1174 (E.D. Cal.
20 2010) ("[T]here is no private cause of action under [§] 2923.6").

21      For these reasons, Plaintiff has failed to state a claim for wrongful foreclosure, and the
22 Court GRANTS Defendants' motion to dismiss this claim, without leave to amend.

23      **B. Fraud**

24      Plaintiff next attempts to state a claim for fraud, alleging that Defendants (1) "engaged in
25 a pattern of deception by altering documents and placing Plaintiff's forged signature on said
26 documents"; (2) "had knowledge that Plaintiff's amounts owed were inaccurate, but
27 nevertheless caused notices of delinquent payments to be sent to Plaintiff's residence"; (3)
28 "concealed material facts known to them, but not to Plaintiff, from Plaintiff with the intent to

defraud Plaintiff"; (4) "made these representations, including that Plaintiff owed them monies, with knowledge of these misrepresentations to induce Plaintiff's reliance, which Plaintiff justifiably relied on, resulting in excessive overpayments of a debt Plaintiff did not owe and leading to an improper foreclosure"; and (5) that Plaintiff "was unaware of the true facts of the situation" and suffered damages as a result of Defendants' misrepresentations. Compl. ¶¶ 26-31.

Under California law, the elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damages." *Lazar v. Superior Court*, 909 P.2d 981, 985 (1996). State-law fraud claims are subject to the heightened pleading standard of Rule 9(b). *Altmann I*, 850 F. Supp. 2d at 1069 n.3 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)).

At most, Plaintiff's allegations amount to a rote recitation of the elements of California fraud. Just as this Court found in *Altmann I*, the allegations here "lack[] facts to support fraud elements, let alone the who, what, when, and how of alleged misconduct." *See id.* at 1070-71. Moreover, as Defendants point out (ECF No. 7 at 10), Plaintiff's vague and conclusory allegations fail to satisfy the requirements of Rule 9(b). Accordingly, the Court GRANTS Defendants' motion to dismiss this claim, without leave to amend.

**C. Remaining Claims**

Plaintiff's third and fourth causes of action request that the Court set aside or cancel the trustee's sale of the Sonora Road property. Compl. ¶¶ 32-39. In support of these claims, Plaintiff reiterates the allegations that Defendants did not have the legal power to effect the foreclosure while the Bankruptcy Court's stay was in effect, that the deed of trust was either improperly assigned or never transferred to Defendants from the original lender, and that the deed of trust could not provide a valid basis for foreclosure. *See id.* Plaintiff additionally alleges that Defendants' interest in the Sonora Road property was "never acknowledged and recorded under [Cal. Civ. Code § 2932.5]." *Id.* ¶ 33.

Section 2923.5 provides,

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

However, California's non-judicial foreclosure statutes "do not require a recording of assignments of interests in deeds of trust prior to foreclosure." *Lazo v. Summit Mgmt. Co., LLC*, No. 1-13-cv-02015-AWI, JLT, 2014 WL 3362289, at *10 (E.D. Cal. July 9, 2014).

As this Court previously found in *Altmann II*, Plaintiff's allegations are vague, nonsensical, and "borderline unintelligible." *See* 2015 WL 8483111, at *2 n.2. The Court agrees with Defendants that Plaintiff "provides absolutely no facts to support that the assignments are somehow void." *See* ECF No. 7 at 11. Furthermore, Plaintiff misapprehends § 2932.5, which does not actually require that the assignment of an interest for a deed of trust be recorded. *See Calvo v. HSBC Bank USA, N.A.,* 199 Cal. App. 4th 118, 122 (2011) ("It has been established since 1908 that this statutory requirement in [§ 2932.5] that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust."). Because Plaintiff's allegations fail to demonstrate any basis upon which relief may be granted, the Court GRANTS Defendants' motion to dismiss Plaintiff's third and fourth causes of action, without leave to amend.

## CONCLUSION AND ORDERS

For these reasons, Defendants' unopposed motion to dismiss (ECF No. 7) is GRANTED in its entirety, and the Court hereby DISMISSES Plaintiff's complaint (ECF No. 1). Because it does not appear that the pleadings may be cured by further factual allegations, and because of the Court's familiarity with the underlying facts of this case, dismissal shall be without leave to amend.
IT IS SO ORDERED.

Dated:   **September 15, 2016**          /s/ Lawrence J. O'Neill
                                          UNITED STATES CHIEF DISTRICT JUDGE